# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ROGER M. HEANEY | § | |
| | § | |
| V. | § | A-09-CA-701-LY |
| | § | |
| TIME WARNER CABLE, INC. | § | |

## ORDER

Before the Court are Plaintiff's Motion to Compel Defendant to Comply with Plaintiff's First Request for Production of Documents, filed on December 16, 2009 (Clerk's Doc. No. 8), and Defendant's Response, filed on December 28, 2009 (Clerk's Doc. No. 9). Having reviewed the Motion, the Response, and the attached exhibits, the Court enters the following Order.

## I. General Background

In the instant Title VII and ERISA lawsuit, Plaintiff Roger Heaney ("Plaintiff") alleges that his former employer, Time Warner Cable, Inc. ("Defendant'), terminated him in retaliation for having filed a Title VII charge of discrimination and improperly failed to pay certain severance benefits in violation of ERISA.

On October 26, 2009, Plaintiff served Defendant with its First Request for Production of Documents requesting 74 categories of documents. *See* Exhibit 2 to Plaintiff's Motion. In response, to date Defendant has produced 1,000 pages of documents but has also filed numerous objections to the requests, contending that the requests are overly broad, unduly burdensome and duplicative. *See* Exhibit 3 to Plaintiff's Motion. In the motion before the Court, Plaintiff requests that Defendant be ordered "to respond fully and completely to all of Plaintiff's requests in his First Request for Production of Documents, without restrictions or limitations . . . ." Plaintiff's Motion at 8-9. Plaintiff does not address any of Defendant's specific objections to the discovery requests to

demonstrate their lack of merit, but rather appears to argue that he is entitled to all of the documents requested.

## II. Analysis

Parties are entitled to discovery on any non-privileged matter relevant to a claim or defense of any party, and for good cause, the court may also permit discovery on any matter "relevant to the subject matter involved in the action." FED. R. CIV. P. 26(b)(1) (emphasis added). Moreover, under Rule 26, information is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, courts may also limit the scope of discovery if the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." FED. R. CIV. P. 26(b)(2)(C).

In general, the Court finds Plaintiff's motion lacking. For the vast majority of the matters requested, the Defendant's response has been reasonable, and measured. As just one example of this, Plaintiff's requests are not limited in the time frame they cover. It would appear that the time frame most relevant to this case is that spanning from the time that the Plaintiff was first placed on a performance improvement plan, to the time he was fired. This period would cover April 2008 to February 2009. Notwithstanding this, many of Plaintiff's requests have no time limits, and given that he was employed by Time Warner or its predecessor for 20 years, there must be a time limit imposed that is reasonably related to the Plaintiff's claims. Further, Plaintiff has failed to address any of Defendant's specific objections to Plaintiff's discovery requests. Instead, Plaintiff simply requests that the Court order Defendant to fully respond to all of the Requests for Production. This is not sufficient to sustain the burden on a motion to compel.

Another example of the overbreadth of the requests is Plaintiff's request for "all written or electronic communications to or from Mr. Heaney during his period of employment with you." Plaintiff is not entitled to every written communication regardless of subject matter that was ever sent or received during his employment with the Defendant, particularly in a case involving a person with as lengthy a tenure as Plaintiff had.

There are, however, a few requests on which the Court finds the Defendant's arguments unavailing. For example, Defendant contends that it should not have to produce any personnel records pre-dating the time that it acquired Plaintiff's former employer. It then adds that "Time Warner's counsel understands such documents were not maintained." This somewhat equivocal statement needs to be clarified. Either the documents exist or they do not. If a personnel file for Plaintiff's time at MediaOne exists, then it should be produced. While it may not be of great probative value, it is possible that it includes documents that could be relevant to the case (e.g., ten years' worth of positive performance reviews). Accordingly, Defendant must supplement its response to state unequivocally whether the documents exist, and if so, those documents must be produced to Plaintiff.

Further, with regard to Request Nos. 3 and 4 seeking "all written or recorded agreements," the Court disagrees that there is any vagueness or ambiguity regarding the term "agreement." Clearly, Plaintiff is seeking written agreements regarding the terms and conditions of Plaintiff's employment or matters related to that employment, not every discussion between the Parties regarding a sick day or vacation. Accordingly, Defendant must produce all responsive documents to Request Nos. 3 and 4.

Defendant also argues that Plaintiff's Motion to Compel is premature because Defendant has not completed the discovery process, and there has not been a full conference on the issues. While

the Court agrees that Plaintiff should have worked more cooperatively with Defendant to resolve these issues, the Court cannot agree with Defendant's implicit claim that it may produce documents over a time frame it views as reasonable. The rules of procedure allows the requesting party to initially set the time and place of production. FED. R. CIV. P. 34(b)(1)(B). "Absent a court order or an agreement among the litigants, a party from whom discovery is sought cannot unilaterally alter these directives to suit its fancy." *Resolution Trust Corp. v. North Bridge Assocs., Inc.*, 22 F.3d 1198, 1205 (1st Cir. 1994). The burden is on the responding party to object to the time and place provided, and to demonstrate that the time and place are not reasonable. *See Wernecke v. Texas Dept. of Family and Protective Services*, No. C-07-238, 2008 WL 1776509, at *1 (S.D. Tex. April 16, 2008). Thus, a party may not serve a written response stating that "responsive documents will be produced," and then take whatever time they deem reasonable to make the documents available. In this case, the requests stated that the documents were to be produced at the offices of Plaintiff's counsel within 30 days of the service of the requests. Defendant did not object to this in its responses. Nevertheless, Defendant's response suggests that it is still gathering responsive documents. This process must be accelerated. Accordingly, the Court ORDERS Defendant to complete its production of responsive documents to Plaintiff on or before **January 29, 2010**.[1]

### III. Conclusion

Accordingly, for the reasons set forth above, Plaintiff's Motion to Compel Defendant to Comply with Plaintiff's First Request for Production of Documents (Clerk's Doc. No. 8) is GRANTED IN PART AND DENIED IN PART. The Motion to Compel is GRANTED only as set

---

[1] Of course, Defendant is entitled to supplement its disclosures and responses, in a "timely manner," should it discover additional responsive documents as the case progresses. FED. R. CIV. P. 26(e)(1).

forth above. In all other respects, the motion is DENIED. Finally, IT IS ORDERED that Defendant complete its production to Plaintiff on or before **January 29, 2010**.

SIGNED this 5th day of January, 2010.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE